**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwight Maurice Golden, III,<br><br>Plaintiff,<br><br>v.<br><br>Brad Miller Law, et al.,<br><br>Defendants. | No. CV-25-03970-PHX-MTL<br><br>**ORDER** |

Plaintiff Dwight Maurice Golden, III, *pro se*, initiated this litigation against Defendants Brad Miller Law and Patricia Pfeiffer. Plaintiff's two-page complaint is difficult to follow. It alleges that his "son is being discriminated against by defendants" by calling his son "a 'Delinquent' in federal documentation." (Doc. 1.) He further alleges that his son is "being treated as a criminal and has no understanding about criminal law or civil rights so he is not eligible to be charged as a criminal and should also be treated fairly as a citizen even considering he is a minor himself." (*Id*.) He is seeking $1 billion in damages.

Federal courts are courts of limited jurisdiction. The District Court has an independent obligation to ensure that subject matter jurisdiction exists in every civil case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party invoking the federal court's subject matter jurisdiction has the burden of establishing the propriety of exercising that jurisdiction. *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019). "A patently insubstantial complaint may be dismissed . . . for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S.

319, 327 n.6 (1989).

As far as this Court can tell, the complaint alleges that Pinal County Attorney Brad Miller and Deputy County Attorney Patricia Pfieffer are wrongfully prosecuting Plaintiff's son. The Supreme Court has "emphasized repeatedly 'the fundamental policy against federal interference with state criminal prosecutions.'" *Kelly v. Robinson*, 479 U.S. 36, 47 (1986) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)); *see also Younger*, 401 U.S. at 43 ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). "Absent extraordinary circumstances, a federal court may not interfere with a pending state criminal prosecution." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (citation modified). The complaint does not reveal such extraordinary circumstances in this case. (*See* Doc. 1.)

The Court thus refrains from exercising jurisdiction and dismisses the complaint, as it must. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) ("District courts . . . may not exercise jurisdiction when [the *Younger*] standards are met; there is no discretion vested in the district courts to do otherwise." (quotation marks omitted)); *Gilbertson v. Albright*, 381 F.3d 965, 982 & n.18 (9th Cir. 2004) (en banc) (noting that although courts generally stay rather than dismiss cases involving pending state proceedings "when damages are at issue," dismissal may still be proper where a "damages claim . . . is plainly frivolous"). Dismissal without leave to amend is appropriate. *See Roshan v. McCauley*, No. 23-cv-05819-JST, 2024 WL 420706, at *6 (N.D. Cal. Feb. 5, 2024) (dismissing complaint "barred by *Younger* abstention" "without leave to amend" because amendment would be futile).

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** dismissing Plaintiff's complaint without leave to amend and without prejudice.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's application for leave to proceed in forma pauperis (Doc. 7).

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 25th day of November, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge